# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DARNELL ARTHUR,<br>CDC #C-33149<br><br>Plaintiff,<br>vs.<br><br>R. TORRES et al.,<br><br>Defendants. | CASE NO. 06cv2455 BEN (RBB)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

Larry Darnell Arthur, a state prisoner currently incarcerated at California State Prison in Lancaster, California, and proceeding *pro se*, has submitted a civil action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, while he was incarcerated at Calipatria State Prison, prison officials used excessive force against him in violation of his Eighth Amendment rights.

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case unless, however, an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nevertheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success

1 | on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity
2 | of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed
3 | together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331
4 | (9th Cir. 1986)).

Therefore, the Court denies Plaintiff's request, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

DATED:  September 21, 2007

_____
Hon. Roger T. Benitez
United States District Judge

cc: All parties and respective counsel