

FILED

2008 JUN -6 PM 1:53

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNK_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DARNELL ARTHUR,<br><br>                     Plaintiff,<br>vs.<br><br>R. TORRES, Correctional Sergeant;<br>F. GONZALES, Correctional Officer;<br>J. FLORES, Correctional Officer,<br><br>                     Defendants. | CASE NO. 06cv2455-BEN (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS**<br><br>[Doc. Nos. 9, 20] |

      Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Defendants moved to dismiss the Complaint on the grounds that Plaintiff failed to exhaust his administrative remedies. Defendant Flores also moved to dismiss the Complaint for failure to state a claim against him. After Magistrate Judge Ruben B. Brooks issued a Report and Recommendation recommending that Defendants' Motion to Dismiss be granted, Plaintiff filed untimely Objections to the Report. Having considered Plaintiff's Objections, the Court adopts the well-reasoned Report and grants Defendants' Motion to Dismiss.

      A district judge "may accept, reject, or modify the recommended decision" of a Magistrate Judge on a dispositive matter. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. §636(b)(1). Moreover, "the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is*



1 *made*, but not otherwise . . . . Neither the Constitution nor the statute requires a district judge to
2 review, de novo, findings and recommendations that the parties themselves accept as correct."
3 *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert denied*, 157 L.Ed.2d 182
4 (2003) (emphasis in original).

5       Plaintiff objects only in part to the Report's findings. First, Plaintiff appears to object to
6 the Report on the basis that he has alleged an Eighth Amendment claim for excessive force.
7 Second, Plaintiff claims that he was denied adequate medical treatment at the time of the incident.
8 Nevertheless, as the Report correctly notes, the exhaustion requirement applies regardless of the
9 relief sought. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff's factual allegations, even if
10 taken as true, cannot cure his failure to exhaust his administrative remedies. Accordingly, the
11 Court adopts the findings of the Report, in part, on these grounds.

12       Third, Plaintiff alleges that he was denied an opportunity to exhaust his remedies.
13 Specifically, Plaintiff claims that "the appeals coordinator intentionally screened out [his] appeal
14 complaint [at the second level] to prevent a warden second level review and a director's level
15 review." He further states that the prison officials denied him the ability to exhaust his
16 administrative remedies "by refusing, depriving, and denying plaintiff to proceed with the appeal
17 complaint for a director's level investigation by wrongful screening plaintiff's appeal to avoid and
18 prevent a director's level review on appeal." Plaintiff does not provide any additional details or
19 new information regarding this claim.

20       In his Report, the Magistrate Judge considered at length Plaintiff's exhaustion argument.
21 He concluded that Plaintiff "had a means available to him to proceed further in the administrative
22 process, but he chose instead to abandon his administrative appeal and file this lawsuit. This
23 does not constitute proper exhaustion." The record reflects that Defendants responded to
24 Plaintiff's administrative request and informed him of the need to exhaust his remedies. Plaintiff
25 was properly advised that he did not fully exhaust his remedies, and that he had to take further
26 steps to exhaust his remedies through the administrative process. Nevertheless, Plaintiff failed to
27 do so and instead filed the instant Petition.

28       The Supreme Court held in *Booth v. Churner*, that "Congress has provided in § 1997e(a)

that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth*, 532 U.S. at 741 n.6 (citing *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)). Petitioner simply failed to do so. Furthermore, Petitioner has not alleged the causal connection between the alleged state impediment and his failure to exhaust his remedies. *See Bryant v. Schriro*, 499 F.3d 1056, 1060 (9th Cir. 2007). He also has not offered any evidence showing that he complied with the prison grieving procedures, as he was required to do to properly exhaust his remedies. As the Supreme Court recently held in *Bock*, "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' . . . – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In short, although Plaintiff asserts a general objection to the Report's conclusion that he failed to exhaust his remedies, the Court agrees with the Report's finding that Plaintiff failed to exhaust them.

In the Report and Recommendation, the Magistrate Judge correctly considered and determined that Plaintiff failed to exhaust all available administrative remedies, and that Plaintiff failed to state a claim against Defendant Flores. This Court adopts in full the Report and Recommendation. Accordingly, Defendants' Motion to Dismiss is GRANTED in its entirety.

IT IS SO ORDERED.

DATED: 6/03/08

Hon. Roger T. Benitez
United States District Judge