FILED

08 SEP 16 AM II: 47

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                    DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DARNELL ARTHUR,<br><br>                                Plaintiff,<br><br>vs.<br><br>R. TORRES, Correctional Sergeant;<br>F. GONZALES, Correctional Officer;<br>J. FLORES, Correctional Officer,<br><br>                                Defendants. | CASE NO. 06cv2455-BEN (CAB)<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO APPEAL**<br><br>[Doc. No. 37] |

On June 3, 2008, this Court adopted a Report and Recommendation of the Magistrate Judge, granted Defendants' Motion to Dismiss, and dismissed this case upon finding that Plaintiff had failed to exhaust his administrative remedies. On July 22, 2008, Plaintiff filed an untimely appeal of the Court's June 3, 2008, decision with the Ninth Circuit Court of Appeals. *See* Doc. Nos. 38; Fed. R. App. P. Rule 4(a)(1)(A) ("In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."). On the same day, Plaintiff also filed a Motion for Leave to File a Notice of Appeal. *See* Doc. Nos. 37.

On September 12, 2008, the Ninth Circuit Court of Appeals filed an Order in the instant case, construing Plaintiff's motion as a request "for an extension of time to appeal" and asking this Court to rule on Plaintiff's motion. *See* Doc. No. 44. Rule 4(a) of the Federal Rules of Appellate Procedure provides:

1

2

3

4

> (A) The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

5    *See* Fed. R. App. P. Rule 4(a)(5).

6    The U.S. Supreme Court made it "clear that the timely filing of a notice of appeal in a civil

7    case is a jurisdictional requirement." *Bowles v. Russell*, 127 S.Ct. 2360, 2366 (2007).  A district

8    court, however, has "limited authority to grant an extension of the 30-day time period" upon

9    showing of excusable neglect or good cause. *See id.*  Accordingly, the court may "be permitted,

10   where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well

11   as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv's Co. v. Brunswick*

12   *Assoc's*, 507 U.S. 380, 388 (1993).   This is an "equitable" determination, and the court must

13   consider "all relevant circumstances surrounding the party's omission." *Id.* at 395.

14   In this case, Plaintiff claims that the delay in filing his notice of appeal resulted from a

15   prison transfer and his inability to access his legal documents at the time of transfer. *See* Doc. No.

16   37, at 1-2.  He alleges that he did not receive a notice of the Court's June 3, 2008, order until June

17   14, 2008.  He further states that he was denied access to his legal documents for a period between

18   June 14, 2008 and July 15, 2008 – several weeks before and after his prison transfer.  *Id.*

19   Notably, Plaintiff provided no evidence supporting his claim, except for a change of

20   address form, which he filed simultaneously with the instant Motion. *See* Doc. No. 36.  He did not

21   provide the Court with any mail logs, transfer documents, affidavits, prison grievances, or any

22   other evidence indicating that prison officials made Plaintiff's legal records inaccessible for a

23   period of time between June 14, 2008 and July 15, 2008.  Nevertheless, in the interest of justice,

24   and because Defendants have not objected to Plaintiff's request for an extension of time, the Court

25   grants the request. *See, e.g.*, *Stephanski v. Superintendent of Upstate Corr.*, Civ. No. 02-0562,

26   2007 WL 210399, at *1-2 (W.D.N.Y. Jan. 25, 2007) (citing *Williams v. Adams*, Civ. No. 04-5203,

27   2006 WL 1071962, at *1 (E.D. Cal. Apr. 24, 2006) (concluding that prison transfers constituted

28   excusable neglect and granting an extension)).  The Court, therefore, GRANTS Plaintiff's request

1   for an extension of time to file an appeal.

2         Pursuant to Rule 4(a)(5), upon granting an extension, the Court must give Plaintiff a thirty-

3   day extension from his original deadline or ten days from the date of an order granting an

4   extension, whichever is later. *See* Fed. R. App. P. Rule 4(a)(5)(C). The docket reflects, however,

5   that Plaintiff filed a notice of appeal simultaneously with his request for an extension. *See* Doc.

6   No. 38. Thus he should not be required to re-file his notice of appeal. *See Stephanski*, 2007 WL

7   210399, at *2. Accordingly, the Clerk of Court is directed to re-docket Plaintiff's Notice of

8   Appeal on the date of the entry of this order.

9

10        IT IS SO ORDERED.

11

12  DATED: 09/12/08

13

14                                              Hon. Roger T. Benitez
                                                United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28